CLAYTON and wife *vs.* WARDELL and others.

Upon an issue as to the legitimacy of a child, it is not necessary to prove the actual marriage of the parents; but a marriage may be proved by evidence of cohabitation, reputation, and the acknowledgment of the parties.

But when there is evidence of an actual marriage, and the issue is as to the legitimacy of a child of such marriage, the marriage will not be rendered illegal, nor the issue of it declared illegitimate, by proof of a prior marriage, arising from cohitabation, reputation, and the acknowledgment of the parties.

THIS was an appeal by Clayton and wife, from a decree of the surrogate of the city and county of New-York, declaring that Mrs. Clayton was not the legitimate child of George Messerve deceased.

*Harris Wilson*, for the appellants.

*C. W. Sandford*, for the respondents.

*By the Court*, EDWARDS, J.  The question at issue in this case is, whether Catharine Ann Clayton is· the legitimate child of George Messerve deceased.

It appears by the testimony, that on the 3d of July, 1825, a marriage was publicly solemnized between George Messerve and Sarah Maria Youngs; and that Catharine Ann Clayton

is the issue of that marriage. It is contended, however, on the part of the respondents, that such marriage was illegal, on account of an existing matrimonial connection between the person calling herself Sarah Maria Youngs, and one Richard Schenck. The testimony given on the part of the respondents shows, that on the 18th of November, 1822, Sarah Maria Youngs made a complaint, by her affidavit, before a police justice, that she was then with child by Richard Schenck; and that on the same day, he entered into a recognizance with sureties, for his appearance to answer such complaint. Nothing further was done in the matter. It also appears by the testimony of several of the relatives of Schenck, and of other witnesses not related to him, that after this complaint had been made, the parties cohabited together, and were reputed, and acknowledged themselves to be, husband and wife; and that on the third day of June, 1825, they executed articles of separation, in which they described themselves as husband and wife. There is no proof of an actual marriage. On the other hand, two of the sisters of Sarah Maria Youngs, and two of her cousins, testify that she always went by the name of Youngs until she married Messerve; and it appears that she was married by that name.

It has long been a settled doctrine of the common law, both in England and in this state, that on an issue as to the legitimacy of a child, it is not necessary to prove the actual marriage of the parents; but that a marriage may be proved by evidence of cohabitation, reputation, and the acknowledgment of the parties. The reason for this rule is, that the law favors the presumption of morality in the intercourse between the parents, and consequently, also favors the presumption of the legitimacy of the offspring—*præsumitur pro legitimatione.*

This is a rule of presumptive evidence, and like every similar rule, must depend upon the particular circumstances of the case. Thus it was held in the case of *Cunningham* v. *Cunningham*, (2 *Dow.* 482,) that the presumption was impaired by proof that the connection between the parents was illicit in its commencement; and that the repute of marriage must be

Clayton *v.* Wardell.

general, to raise a presumption in its favor. And in the case of *Jackson* v. *Clair*, (18 *John.* 346,) Chief Justice Spencer expresses the opinion that a separation between the parties to a reputed and acknowledged marriage, followed by an actual marriage, would be sufficient to warrant the jury in presuming that the intercourse and cohabitation between the parties to the reputed marriage was meretricious.

Adopting the general rule, with the qualifications laid down in these decisions, it certainly might admit of doubt, whether, if the question before us were as to the legitimacy of a child of the reputed marriage, there would be sufficient evidence to authorize a presumption in favor of such marriage. But, however that might be, it seems to us that the proof as to the first alleged marriage is not sufficient to render an admitted actual marriage illegal and criminal, and bastardize the issue of such marriage. It would not be sufficient to sustain an action for criminal conversation, or an indictment for bigamy. (*Morris* v. *Miller*, 4 *Burr.* 2057. *Birt* v. *Barlow, Doug.* 171. *The People* v. *Humphrey*, 7 *John.* 314.) The reason for these decisions is, that proof of actual marriage is necessary to overcome the presumption which the law makes against crime, or acts of a criminal nature. Now if we presume in this case that the reputed marriage actually took place, it necessarily follows that the marriage actually proved was criminal. The presumption which the law makes in the case of a prosecution for bigamy is not so much in favor of the criminal, as it is against the commission of crime. And whether the effect of the presumption is to protect a party against a criminal prosecution, or to protect his offspring against the stain and disabilities of illegitimacy, the principle is equally applicable. Thus it was held in a case of a different character, although illustrative of the principle, that in an action against an insurance company to recover a loss by fire, the jury, in order to sustain the defence that the plaintiff had wilfully set fire to the premises, ought to be satisfied that the act imputed to him, was as fully proved as would justify them in finding him guilty on a criminal charge for the same offence. (*Thurtell* v. *Beaumont*, 3 *Bing.* 339.) The

Clayton *v.* Wardell.

presumption in that case was against the doing of a criminal act, although the party was not on trial for a crime. And ac,cording to every rule of sound reasoning, such presumption ought to be invoked equally in favor of any person who makes a claim which can only be defeated by assuming that a crime has been committed. (*See Starr* v. *Peck*, 1 *Hill*, 270, 272.)

It was contended, upon the argument, on the authority of *Fenton* v. *Reed*, (4 *John.* 52,) that the only cases in which proof of actual marriage is necessary, are prosecutions for bigamy, and actions for criminal conversation. The opinion expressed by the court in that case was founded on a remark made by Lord Mansfield in *Birt* v. *Barlow*, above cited. But he never could have intended to say that no other case could arise in which, under any state of circumstances, proof of an actual marriage would be necessary, even if the principle upon which such proof is required, in the cases which he mentioned, would be equally applicable. Those were the only cases which had arisen, in which an exception to the general rule had been made. Here, however, is a new case, wherein the application of the principle upon which those cases were decided is equally necessary; and it must follow that it forms a third exception to the general rule. As there is not sufficient proof that Sarah Maria Youngs was a married woman at the time of her actual marriage with George Messerve, such marriage must be considered legal, and the offspring, so far as the issue before us is concerned, must be regarded as legitimate.

The decree of the surrogate must therefore be reversed with costs.