## THE PEOPLE *vs.* CARPENTER.

A wife can be a witness against her husband, in a criminal proceeding, only when he is charged with committing, or threatening, an injury to her person. Upon an indictment against the husband for using criminal means —as subornation of perjury—to wrong her in a judicial proceeding, she can not be a witness on the part of the people. MORSE, J. dissented.

THE prisoner was indicted for subornation of perjury in procuring one Frederick A. Wood falsely to swear to an affidavit of the service upon the prisoner's wife of a subpœna to appear and answer, in a suit in chancery commenced by the prisoner against her, for a divorce, on the ground of adultery; in order that he might obtain a decree against her by default. On the trial, the counsel for the people called as a witness Mary S. Carpenter, who, it was admitted, was the wife of the prisoner. The counsel for the prisoner objected to her being sworn as a witness, on the ground that she was the prisoner's wife, but the court overruled the objection, and decided that she was admissible as a witness, for the purpose of proving the alledged perjury. The counsel for the prisoner excepted, and the wife was examined as a witness. The jury found the defendant guilty; and upon a bill of exceptions he moved for a new trial.

*H. B. Duryea,* (district attorney,) for the people.

*A. Crist,* for the defendant.

BARCULO, J. The general rule is well settled that a wife can not be a witness against her husband. The exceptions to it are not so clearly defined. In some of the books it is stated, rather loosely, perhaps, that the exceptions "are founded on evident necessity, where the fact is presumed to be exclusively within the knowledge of the wife." (2 *Stark. Ev.* 713. 1 *Phil. Ev.* 169.) According to another author, "where the offense is directly against the person of the wife, this rule has been usu-

ally dispensed with." (1 *Bl. Com.* 443.) Upon an examina-
tion of the cases, my conclusion is that she can be a witness
against her husband in a criminal proceeding *only when he is
charged with committing, or threatening, an injury to her
person.*

In *Lord Audley's case*, the question was submitted by the
attorney general, to the judges, whether the wife might be a
witness against her husband, to prove the commission of a rape
upon her person; and they answered "she might; for she was
the party wronged: otherwise she might be abused." Again,
in the progress of the trial, Lord Audley "desired to be resolved
whether his wife is to be allowed a competent witness or not."
"The judges resolve that in civil cases the wife may not; but
in a criminal case of this nature, where the wife is the party
grieved, and on whom the crime is committed, she is to be ad-
mitted a witness against her husband." (3 *How. State Tr.* 401.)
Although this trial took place more than two centuries ago, the
law as then laid down remains undisturbed at this day. It is
true that the subsequent decisions have deviated in various re-
spects; some of the judges being inclined to enlarge, and others
to restrict the exceptions; but the English courts have always
returned to the doctrine of *Lord Audley's case*, which is now
said to be established by the highest authorities. (2 *Russ. on
Crimes*, 606.) Thus in case of murder, assault and battery, and
breach of the peace, the wife has been admitted as a witness
against her husband. (*Ayres' case*, 1 *Str.* 633. *Whitehouse's
case*, 2 *Russ. on Cr.* 606. *Bull. N. P.* 287.)

But the counsel for the people contend for a much broader
exception: one that will embrace all cases of secret injuries.
To support this doctrine they rely, in part at least, upon the
case of *Rex* v. *Wakefield*, (*cited* 2 *Russell on Crimes*, 606,)
where on an indictment for a conspiracy in unlawfully taking
Ellen Turner and procuring her to be married, Hullock, B. re-
ceived the evidence of the wife, as being admissible on the ground
of necessity, even supposing that the marriage was valid.
This ruling was at the Lancaster assizes in 1827, and can hardly
be deemed an authority for introducing a new rule. That the

The People.*v.* Carpenter.

evidence was properly received, upon the ground that the marriage itself was illegal and invalid, is highly probable; but that the *reason assigned* for its reception is a sound one, is by no means true. For if the marriage were valid, there could not be any reason of necessity for the wife to be a witness against her husband. If neither force nor fraud were used, then no such personal injury was done to her, as could warrant the wife's appearing as a witness for her own protection. If *either were used*, then it was at least doubtful whether she *was a wife*, and Wakefield could not be permitted to take advantage of his own wrong, by setting up his own violent or fraudulent act, as the ground for excluding the principal witness, under pretense that she had thus become his lawful wife. The same remarks are applicable to the case of *Rex* v. *Perry*, cited by the learned judge.

The case of *The King* v. *Bucknorth*, cited from 2 *Keb.* 403, does not sustain the position contended for. That case is very imperfectly reported, and entitled to but little consideration. It appears to have been an information for perjury against Bucknorth and Tuckey, on the trial of which two of the judges, Keeling and Morcton, held that the husband of one of the defendants, Tuckey, "might be admitted to prove the issue whether the child were feigned, *albeit not to prove or excuse his wife's subornation of the other defendant*, B., who acted as midwife in this deception."

The American authorities do not countenance *Wakefield's case*, nor *Perry's case*; nor do I find anything in our reports to sustain the doctrine so ably but unsuccessfully maintained by the counsel for the people. In Kent's Commentaries the law is thus expressed: "The husband and wife can not be witnesses for or against each other. This is a settled principle of law and equity, and it is founded as well on the interest of the parties being the same, as on public policy. The foundations of society would be shaken, according to the strong language in one of the cases, by permitting it. Nor can either of them be permitted to give any testimony, either in a civil or criminal case, which

The People *v.* Carpenter.

goes to criminate the other; and this rule is so inviolable that no consent will authorize the breach of it. (2 *Kent*, 178.)

There is no reported case in this state in which the wife has been admitted as a witness against her husband. The cases cited do not sustain the conclusions attempted to be drawn. In the case of *Ratcliffe* v. *Wales*, (1 *Hill*, 68,) the wife was not called *against*, but *by* her former husband, after a divorce. In *Babcock* v. *Booth*, (2 *Hill*, 181,) the widow of the deceased intestate was called as a witness against his administrator, in a civil action, and the court held that she was improperly admitted to disclose observations made to her by her husband concerning his affairs, although she might have been called to prove facts which she did not learn from him. In *The People* v. *Chegary*, (18 *Wend.* 637,) Bronson, J. said, "there is room for doubt whether the testimony of the wife should in any case be received against the husband, except when she complains of personal violence or ill treatment of herself." Now in the case at bar, there is no complaint of injury to the person of the wife. It is claimed, merely, that the prisoner was endeavoring to injure her in her marriage relations. He sought to obtain a fraudulent divorce by suborning Wood to swear to an affidavit of the service of a subpœna to appear and answer, upon which he could obtain a decree by default against her. In other words, the husband is charged with using criminal means to wrong his wife in a judicial proceeding. But there is, clearly, nothing in the nature of this charge to justify the admission of the testimony of the latter to sustain the indictment, without a departure from all the well settled principles on this subject. Here is no violence; no injury, nor threat of injury, to her person, against which it is necessary to protect her. She had abundant means of defense and redress in the judicial proceedings in which the fraud was practised, as is apparent from the fact that the decree obtained by default has been vacated, on her application. It is easy to suggest much stronger cases in favor of the admissibility of such evidence. Suppose a wife swears the peace against her husband, can his oath be permitted, to indict her for perjury in her complaint? Or suppose a husband commits perjury in swearing

The People *v.* Carpenter.

to a bill for divorce, can she be allowed as a witness to convict him of the perjury? I apprehend that all will concur in answering these suppositions in the negative : because there is no such imminent *necessity* as warrants a departure from the general rule. By the same reasoning, it is obvious that if, in this case, the husband had himself made the false oath to the service of the subpœna, the wife could not have testified against him on the trial of an indictment for the perjury. Much less can she now be a witness, when he is charged with subornation of perjury, in which the injury is less direct.

I assume that it will not be pretended that the case stands any better for the prosecution, on the ground that she was called merely to disprove the fact sworn to by Wood. For as Wood's perjury is an essential link in the chain of the prisoner's guilt, her testimony on that point is as directly against her husband as if she were called to speak to his own acts.

I find in the decisions of the neighboring states the following cases illustrative of the rule. In *Den* v. *Johnson*, (3 *Harr*. 87,) it is decided that a wife can not testify, in a suit to which her husband is not a party, to any matters for which her husband may be indicted. In *State* v. *Welch*, (6 *Maine Rep*. 30,) it was held that on the trial of a woman for adultery, the husband of the woman with whom the adultery was committed is not competent. In the case of *State* v. *Burlingham*, (23 *Shep*. 104,) it was held that on an indictment against several for a conspiracy to charge the wife of one of them with adultery, such wife is not a competent witness. This case was very fully argued by the attorney general, (Clifford,) and in the able opinion given, the court say, "it is believed that in criminal prosecutions, the admissibility of the husband or wife must be confined to cases seeking security of the peace, and cases of personal violence."

In other respects I think the court ruled correctly on the trial; but, for the error of admitting the wife, a new trial must be ordered.

BROWN, J. concurred.

MORSE, J. dissented.              New trial granted.