# SUPREME COURT.

SAMUEL W. BASS and others agt. ANN BEAN and others.

There is no law now different from what it was before 1847, when the law in regard to the separate estate of a married woman was passed, giving her any more authority to carry on business, and contract debts now, than she had then.

In neither case are her contracts valid, so far as her liability is involved. Payment of debts contracted in regard to the separate estate of the wife, both before and after the passage of that law, was enforced against such separate estate in equity. The mere purchase of goods by a wife, because she has a separate estate, would not constitute a lien thereon. The property, if purchased by the wife, unless paid for out of her separate estate, would belong to her husband, and be liable to seizure for his debts; and he, if he sanctioned the purchase, would be liable to an action for it. (*See to the same effect Lovett agt. Robinson,* 7 *How.* 105, *and Cobine agt. St. John,* 12 *id.* 333.)

And the mere fact that the plaintiffs knew and so *alleged* in their complaint, that the defendant, a married woman, had personal estate, and that when they sold her the goods, they trusted her more willingly on that account, does not create any new liability on the part of the defendant.

If the plaintiffs could in any way obtain a lien for the debt on the separate estate, it could only be by the sale of property which was used for the benefit of such separate estate, or upon a direct pledge of such estate at the creation of the debt.

*New - York Special Term, March,* 1858.

—————— *for plaintiffs.*
—————— *for defendants.*

INGRAHAM, Justice. The plaintiffs seek to hold the defendant Ann Bean, a married woman, liable for a debt contracted by her in the purchase of goods, for the purpose of carrying on a grocery store. To take it out of the ordinary rule, they have averred in the complaint, that they sold the goods on the credit of the separate estate.

There is no law now different from what it was before 1847, when the law in regard to the separate estate of a married wo-

man was passed, giving her any more authority to carry on business and contract debts now, than she had then. In neither case are her contracts valid, so far as her liability is involved. Payment of debts contracted in regard to the separate estate of the wife, both before and after the passage of that law, was enforced in equity. The mere purchase of goods by a wife, because she has a separate estate, if not required for that estate, would not constitute a lien thereon. The property, if purchased by the wife, unless paid for out of her separate estate, would belong to her husband, and be liable to seizure for his debts; and he, if he sanctioned the purchase, would be liable to an action for it.

In the present case, the plaintiffs seek to make a distinction by saying, that they sold the goods on the credit of the separate estate of the wife. I see nothing in that allegation, that alters the rule of law. The mere fact that the plaintiffs knew the defendant had personal estate, and that when he sold the goods to the married woman, he trusted her more willingly because he knew she had a separate estate, does not create any new liability. If the plaintiffs could in any way obtain a lien for the debt on the separate estate, it could only be by the sale of property which was used for the benefit of such separate estate, or upon a direct pledge of such estate at the creation of the debt. Neither of these facts are averred in this complaint, and even if the latter averment was made in reference to a debt which the law did not allow a *feme covert* to contract, I should doubt whether it could alter the liability.

The case referred to in 1 *Comstock*, 452, was for a debt for which the wife was liable before marriage, and yet the court held, that her separate estate could not be applied to its payment. *Lovett* agt. *Robinson*, (7 *Howard*, 105,) held that goods purchased as these were, were subject to the husband's debts, and that the act in regard to the separate estate of married women, did not affect the liability. In this case, the court says: " The doctrine contended for, would enable married women to carry on business or trade as *femes sole*, even while cohabiting with their husbands." This is not the law in this country.

The case of *Cobine* agt. *St. John and others*, (12 *Howard*, 333,) holds the same doctrine. Justice BALCOM says : " The statutes of 1848 and 1849, do not authorize the wife to go into trade, and embark in commercial enterprises, as a *feme sole*. The wife has no more right to contract debts, irrespective of her separate estate, than she had before. She is still regarded as a *feme covert* as to all business transactions, outside of the management and disposition of her separate estate."

This action cannot be maintained, and judgment must be for the defendants on the demurrer, with leave to the plaintiff to amend on payment of costs.