## DELIA WRIGHT *vs.* WILLIAM H. WRIGHT.

A promissory note given by a man to a woman, in consideration of her promise to marry him, is made upon and for a sufficient and valuable consideration. GEO. G. BARNARD, J., dissented.

The subsequent marriage of the parties will not affect or destroy such a note. It is a contract to pay, made in contemplation of marriage, and by force of the statute, (*Laws of* 1849, *ch.* 379,) remains in full force after the marriage.

It *seems* the payee can sue upon such a note, at law. But whether she can or not, this court having the case before it, in an action on the law side, showing that the note was the wife's separate property, ought, in some shape, to apply a remedy.

The case of *Curtis* v. *Brooks,* (37 *Barb.* 476,) commented on, and declared to be inconsistent with the decision in *Dygert* v. *Remerschnider,* (32 *N. Y.* 631.)

*Strong* v. *Skinner,* (4 *Barb.* 552,) and *Tisdale* v. *Jones,* (38 *id.* 523,) distinguished from the present in that the marriages, there, took place before the act of 1849 was passed.

---

APPEAL by the defendant from a judgment entered upon the report of a referee, in an action upon a promissory note. The facts are stated in the opinions.

CARDOZO, J. I think the judgment in this case should be affirmed. The note was given in consideration of a promise to marry. So we must, in support of the judgment, intend that the referee found, there being evidence which would support that conclusion. After having, on direct examination, testified generally that the consideration of the note was a marriage contract between her and the defendant, the plaintiff, on cross-examination, further said that in the month of February, the defendant told her if she would be his wife he would give her his note for $5000, and she "agreed to have him at that time"— agreed that she "would marry him." I think, therefore, that the note was given in consideration of her promise to marry the defendant, and that therefore the note was made upon and for a sufficient and valuable consideration.

Undoubtedly this contract (the note) would, at common law, have been extinguished by the marriage; but that rule was changed by the statute of 1849, (*ch.* 375,) by which (§ 3) it was enacted that "all contracts made between persons, in contemplation of marriage, shall remain in full force after such marriage takes place." The subsequent marriage of these parties did not, therefore, affect or destroy the note. It was a contract to pay, made in contemplation of marriage, and by force of the statute remains in full force after the marriage.

*Curtis* v. *Brooks,* (37 *Barb.* 476,) contains no reasoning to show that the note was extinguished, but simply refers to a manuscript decision as having been made to that effect. I might, nevertheless, yield to its authority as a general term case, except that it seems to me inconsistent with *Dygert* v. *Remerschnider,* (32 *N. Y.* 631.)

In *Strong* v. *Skinner,* (4 *Barb.* 552,) and *Tisdale* v. *Jones,*

(38 *id.* 523,) cited by Judge BARNARD, the marriages took place before the act of 1849, and, of course, do not bear upon the present case, which is assisted by that statute. Whether the plaintiff can sue at law does not seem to me to be a very material question, though I think she can, because there is no doubt that she may sue in equity, and as the same court is to administer justice, whether through the form of law or the proceeding in equity, it seems to me that when we have the case before us, showing that this note was her separate property, we ought in some shape to apply a remedy.

I think the judgment should be affirmed.

INGRAHAM, P. J., concurred.

GEO. G. BARNARD, J., (dissenting.) The plaintiff and defendant are husband and wife. Prior to their marriage, the note in suit was executed by the defendant.

The plaintiff, when asked what was the consideration of the note, testified on the trial, that the defendant proposed marriage to her, and afterwards she said to him that she would not marry him unless he settled something on her. She wanted a mortgage upon his property. This he declined to give, and subsequently he stated to her if she would be his wife he would give her his note for $5000. A few days thereafter, the defendant called upon the plaintiff, at her store, and then drew up and signed the note in suit, and delivered it to her. The note, although executed on the 4th or 5th, was dated the 1st of March. A few days after the delivery of the note, the parties were married. They lived together a short time, and then separated.

This is a common law action to recover the amount of the note, with interest from its date. The referee ordered judgment for the plaintiff, and the defendant appealed.

I am of the opinion that this action cannot be main-

tained by the wife, the payee of the note, against her husband.

This note had no vitality on its delivery. It was given for no consideration other than as testified to by the plaintiff. In the language used in the case, when the note was spoken of between the parties, it was given "to buy a wife," and was not to be binding or valid till after marriage. It was merely a written promise given by the defendant, to pay her $5000 and interest thereon, if she would marry him; and on this written promise the action is brought. This agreement, by the subsequent marriage of the parties, became extinguished, at law. (*Strong* v. *Skinner*, 4 *Barb.* 552. *Tisdale* v. *Jones*, 38 *id.* 523.) What, if any, rights the plaintiff may have, in equity, on the contract to which she testifies, it is not necessary, now, to determine. The acts of 1848, 1849, 1860 and 1862, give the plaintiff no right to maintain this action. (44 *Barb.* 366. 42 *id.* 374, 641. 25 *N. Y.* 328.)

The judgment should be reversed, and a new trial granted; and in the judgment entered it should appear that the reversal is upon the law and the evidence.

The order of reference should be vacated.

Judgment affirmed.

[First Department, General Term, at New York, April 3, 1871. *Ingraham*, P. J., and *Cardozo* and *Geo. G. Barnard*, Justices.]