Application by the Standard Gaslight Company for writ of mandamus to Michael T. Daly, as commissioner of public works of the city of New York. From an order denying a motion to punish respondent for contempt for disobeying a writ of peremptory mandamus, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and FOLLETT and PARKER, JJ.

Almon Goodwin, for appellant.

Theodore Connoly, for respondent.

PER CURIAM. On the application of the relator, the court at special term granted a peremptory writ of mandamus commanding the respondent, as commissioner of public works, to forthwith award and grant permits to the Standard Gaslight Company to open certain streets for the purpose of laying mains and making main connections. From the order granting the writ, an appeal was taken to this court, pending which this motion was made, and denied on the ground that the appeal operated to stay proceedings under the writ. The determination thus made we approve. Section 1314 of the Code of Civil Procedure provides, among other things, that "upon an appeal taken by a domestic municipal corporation the service of the notice of appeal perfects the appeal and stays the execution of the judgment or order appealed from, without an undertaking or other security;" and we think the appeal taken from the order granting the writ was, within the meaning of the section, an appeal by a domestic municipal corporation. The commissioner of public works is a part of the city government, and the head of the executive department by means of which the corporation acts in regard to its public streets. Consolidation Act, § 316. The duties of the commissioner in respect to the care and maintenance of streets are the duties of the corporation acting through him, and his official acts within the limits of the authority conferred, because the office constitutes a part of the corporate organization, and represents it, are acts of the municipal corporation. It is therefore entitled to the benefit of section 1314 when its commissioner of public works takes an appeal from a judgment or order directing him, as such officer, to do some act affecting the corporate interests. The order should be affirmed, with $10 costs and printing disbursements.

---

TERWILLIGER v. TERWILLIGER.

(Ulster County Court. February, 1894.)

1. LOST AND DESTROYED INSTRUMENTS—INDEMNITY BOND.
   Code Civ. Proc. § 1917, which provides that where a negotiable note sued on has been lost, a recovery may nevertheless be had if an undertaking is given to indemnify the adverse party against any claim on account of the note, does not apply where the note has been destroyed.

2. SAME—NEGOTIABLE NOTES.
   Nor does the statute apply to notes not negotiable.

Appeal from justice court.

Action by Peter Terwilliger against Luther Terwilliger on a promissory note. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Bernard & Van Wagonen, for appellant.

John R. De Vaney, for respondent.

CLEARWATER, J. The plaintiff was the owner of a note upon which the defendant was liable as indorser. In the course of their dealings the defendant from time to time delivered hoop poles and railroad ties to the plaintiff, the value of which, by mutual agreement, was indorsed as a payment upon the note. They finally looked over their accounts, and agreed upon the balance due the plaintiff, and then, in the presence of both, the note and the various receipts and memoranda of their dealings were burned. The defendant not paying, the plaintiff brought suit alleging settlement, and the balance due. The defendant pleaded the general issue. On the trial the facts were admitted. The defendant gave no proof, but moved at the close of the plaintiff's case for judgment upon the ground that it affirmatively appeared that recovery was sought upon a note which had been destroyed, and that the bond required by statute in actions brought upon lost notes had not been given. The court denied the motion, and rendered judgment for the plaintiff. I can discover no error. The action was not upon the note, but upon an account stated, and not disputed. The statute, the aid of which is invoked by the defendant, is now embodied in the Code of Civil Procedure, and is as follows:

"Where it appears upon the trial of an action, that a negotiable promissory note or bill of exchange, upon which the action, or a counterclaim interposed in the action, is founded, was lost, while it belonged to the party claiming the amount due thereupon, he may prove the contents thereof, by parol or other secondary evidence, and may recover or set off the amount due thereupon, as if it was produced. But for that purpose, he must give to the adverse party a written undertaking, in a sum fixed by the judge or the referee, not less than twice the amount of the note or bill, with at least two sureties, approved by the judge or the referee, to the effect, that he will indemnify the adverse party, his heirs and personal representatives, against any claim by any other person, on account of the note or bill, and against all costs and expenses, by reason of such claim." Code Civ. Proc. § 1917.

Without discussing the question as to whether this provision is applicable to actions in justices' courts, and assuming, for the sake of the argument, that it is, it will be observed that the statute relates to lost, not to destroyed, notes, and its object manifestly is to protect the maker or indorser of a negotiable instrument from being twice compelled to pay its amount. It has, therefore, no application to a case like the one at bar, where not only the note, but all the written data of their joint transactions, was destroyed by the plaintiff in the defendant's presence, and with his acquiescence, after he had agreed to the amount he owed the former. The note has ceased to exist. The defendant runs no risk of being again called upon to pay it, and, having stood by and consented to its destruction, there is no injustice in regarding him as now estopped. Des Arts v. Leggett, 16 N. Y. 582; Scott v. Meeker, 20 Hun, 161;

Hoxie v. Kennedy, 10 N. Y. St. R. 786. Then, too, inasmuch as the defendant insists upon a strict construction of the law, it may be said there is no proof that the note was negotiable, and a bond is not necessary on even a lost note, unless it was negotiable, and it will not be presumed to have been so. Wright v. Wright, 54 N. Y. 437, 59 Barb. 505; Blade v. Noland, 12 Wend. 173; Pintard v. Tackington, 10 Johns. 104; McNair v. Gilbert, 3 Wend. 344. The judgment should be affirmed. Judgment affirmed, with costs.