Devin agt. Devin & McKelvey.

## SUPREME COURT.

### Maria F. Devin agt. Devin & McKelvey.

Under the acts of 1848 and 1849, as formerly, a married woman can take proceedings in equity to secure to herself her separate personal property which the husband has in his possession, and which she loaned to him to use in the conducting his business. And especially may she seek to recover such property when it was loaned to a *firm* of which the husband was a member.

Nor is it an answer to such a claim by the wife, that a loan of money could not be made by her to a firm of which her husband was a member, because she could make no *contract*. On the contrary, such a contract can be made, and when made can be enforced in an equitable proceeding, if not at law.

*New-York Special Term, August*, 1859.

Motion to set aside judgment on report of referee.

Devin agt. Devin & McKelvey.

——— *for motion.*
——— *opposed.*

INGRAHAM, Justice. Under the old system, a wife could take proceedings in equity to secure to herself her separate property which the husband had in his possession, if necessary for her protection.

The subsequent acts of 1848 and 1849, recognizing and declaring the right of the wife to control, manage and dispose of such separate estate, not only confirms these proceedings on behalf of the wife, but strengthens her rights, by restraining the right of the husband to reduce to possession the separate personal estate of the wife. If so, I see no reason for imputing fraud to a wife who seeks thus to obtain, from her husband's estate, personal property which she loaned to him to use in the conducting of his business. With much more propriety may one seek to recover such property when it was loaned to a firm of which the husband was a member. I suppose the defendants would not have doubted as to the wife's right to recover in such case, had not the husband been a partner in the firm, and, under the present system and law, I see no good reason to deprive her of her rights and property merely on that ground. To hold otherwise would be virtually to annul the acts of 1848 and 1849, in regard to married women, in all cases in which the husband had the wife's personal property.

Nor am I prepared to hold that a loan of money, made by a wife under such circumstances to a firm of which her husband is one of the partners, cannot be recovered because they can make no contract. On the contrary, I think such a contract may be made, and, if made, can be enforced, at any rate in an equitable proceeding, if not at law.

It is contended, on the part of the creditors, that the claim is fictitious. I think not. The referee has found otherwise, and in that finding I concur. The claim was for money advanced, and interest which has accrued thereon, and the whole amount, by the finding of the referee, is justly due.

It is not necessary on this motion to decide whether the

form of proceeding adopted by the plaintiff to recover this money was the most advisable. She has obtained a judgment, and even if it were erroneous in that respect should not be set aside while a creditor could move to vacate the judgment.

As to the defendant McKelvey's affidavit not being served with proofs, that matter is disposed of by the decision of the referee that McKelvey was personally served. He was himself examined and the testimony was contradictory. Under such circumstances the referee's finding is conclusive.

In conclusion, I will merely add, that it is apparent that this is a mere struggle between creditors' priority as to the payment of their claims; the wife has obtained the first judgment, her claim is an honest one, and in equity she should be protected, and where there is no evidence of fraud on her part there is no ground for depriving her of any right she has thus acquired.

The motion is denied, with $10 costs.