## CAROLINE E. WHITNEY *vs.* HAMPDEN WHITNEY.

At common law, a suit was maintainable, in equity, by a wife against her husband, to recover money, the separate property of the wife, which he had wrongfully taken and converted. And the Code having abolished the distinction between equitable actions and actions at law, and the old forms of pleadings, a complaint setting forth such a state of facts and praying judgment against the defendant for the amount taken by him and converted to his own use, states a good cause of action, and is therefore not demurrable. HOGEBOOM, J. dissented.

It is no objection to the complaint, in such a case, that a money judgment is demanded, instead of an accounting.

Whatever the prayer for relief may be, the judgment of the court will be according to the facts alleged and proved. And even if the party err in the nature of the relief demanded, the court will grant it according to the facts proved.

APPEAL from a judgment entered at a special term overruling a demurrer to the complaint. The action was brought by a wife against her husband. The complaint alleged that on the 1st day of April, 1866, the plaintiff was possessed, in her own right, of $618.50, which was in her pocket book, and placed under her pillow, and was, without her consent, taken by the defendant, who refused to surrender the same to her, upon demand. The plaintiff sought to recover the same, in this action. The defendant demurred to the complaint, on the ground that a wife could not maintain an action of this nature, against her husband.

The demurrer was overruled at special term; the following opinion being given by the justice holding the term.

INGALLS, J. The demurrer to the complaint admits the material allegations of the complaint. The facts thus admitted are, that on the 1st day of April, 1866, the plaintiff was possessed, in her own right, of $618.50, which was in her pocket book and placed under her pillow, and was, without her consent, taken by her husband, who refused to surrender the same to her, upon demand. This action is instituted to recover the same. The only question presented is, whether the action can be maintained against the defendant, who

was, at the time the money was taken, and still is, the husband of the plaintiff.

It is clear that a common law action could not have been sustained previous to the act of the legislature, concerning the rights and liabilities of husband and wife, passed April 10, 1862. A court of equity not unfrequently interposed to protect the rights of married women in regard to their separate property. The seventh section of the act of March 20, 1860, as amended by section three of the act of 1862, provides : " Any married woman may, while married, sue and be sued in all matters having relation to her sole and separate property, or which may hereafter come to her by descent, devise, bequest, purchase, or the gift or grant of any person, in the same manner as if she were sole." This statute expressly declares that a married woman may sue and be sued in regard to her separate property, the same as if she were sole. Language more explicit could not be employed to declare the apparent intention of the legislature. The effect of modern legislation has been to confer upon married women rights and immunities in regard to their separate property which at common law they did not possess, particularly in regard to the manner of enjoying and controlling the same.

Several cases have been cited to the effect that a married woman cannot maintain an action against her husband for slander, &c. ; but the disposition of this case does not necessarily involve the question presented by that class of cases. Here the action is in relation to the separate property of the plaintiff, which is the subject expressly referred to by the statute of 1862, and in regard to which the married woman may sue and be sued. By the common law, the husband, by virtue of the marital relation, succeeded to the ownership of the personal property of the wife, and was authorized to reduce the same to possession, and retain the same. Legislation has to a great extent divested the husband of such right, and placed the property under the direct control of

Whitney *v.* Whitney.

the wife. The act of 1862 provides a remedy for any violation of the rights of a married woman, in respect to her separate property. As the legislature has thus conferred upon married women the right to receive and hold property free from the control of her husband ; and the act of 1862 has provided a remedy by which such right is to be protected and enforced, viz. by action in her own name, the same as though sole ; I am of opinion that the present action can be maintained, by the plaintiff. This view harmonizes the remedy with the right, and carries out the obvious intention of the legislature. With the policy of such an innovation, the courts have nothing to do. The legislature possesses the power to enact such laws, and it is the duty of the courts to enforce them in good faith.

It is contended by the plaintiff's counsel that the complaint is in equity, and therefore the demurrer cannot be sustained. Whatever force there may be in this position, I prefer to put the decision upon the ground that the action can be sustained under the act of 1862 without regard to the consideration whether the action is to be regarded as in equity, or otherwise.

The plaintiff must have judgment upon the demurrer, with leave to the defendant to answer in twenty days, on payment of costs of the demurrer.

Judgment being entered accordingly, the defendant appealed.

*J. Wagner*, for the appellant.

*Beach & Smith*, for the respondent.

MILLER, J. The plaintiff's complaint, in this action, sets forth, with some particularity, the nature of the plaintiff's claim, and its origin. It appears thereby that the plaintiff was the owner of considerable property, part and most of

which consisted of a house and lot, which had been exchanged for another parcel of real estate. That she sold the house and lot, and that a portion of the avails of the sale, in bank bills, was placed by her, on retiring to bed at night, in a pocket book, under her pillow, and was taken from there by the defendant, before she arose on the following morning, and disposed of and converted to his use. She asks judgment for the amount thus taken, against the defendant. It will be seen that the complaint is not in the ordinary form of a complaint in an action of trover for the conversion of personal property, but is drawn to conform to the facts as they are alleged to exist.

I am inclined to think that the action can be maintained, in the form in which it is presented in the pleadings. At common law, the wife could not maintain a civil action against her husband ; but in equity she could maintain an action against him for the protection of her property, and to restrain him from its improper use and destruction. (*Freethy* v. *Freethy,* 42 *Barb.* 641.) He was also liable to account to her for her separate estate received by him without her knowledge ; and equity would interpose to protect her in the enjoyment of it. (*Clancy, Rights of Married Women,* 35. *Devin* v. *Devin,* 17 *How. Pr.* 514.)

If, before the Code was enacted, the defendant had appropriated his wife's property, without her knowledge or consent, or if he had threatened its destruction, or injury to it, there cannot, I think, be any doubt but what he would be liable to a suit in equity to compel him to return it, or to prevent his improper interference with it. Now, by the Code, the distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished. There is to be but one form of action for the enforcement and prosecution of private rights, and for the redress of private wrongs. (*Code,* § 69.) The remedies, therefore, heretofore sought in a court of equity, are now only to be obtained by the ordinary forms of proceedings according

to the established practice of the court. By that practice, all forms of pleading previously existing were abolished. (*Code*, § 140.) And it was provided that the complaint should contain a statement of the facts constituting the cause of action, and a demand of the relief to which the party claimed to be entitled. (*Code*, § 142.)

In the case under consideration, the facts are stated as they are supposed to exist, and I do not discover but that they are presented in conformity with the provisions cited and the design and intentions of the law makers to simplify pleadings, so as to present, briefly, a concise statement of the case.

The only objection which, it seems to me, can be urged with any appearance of being well founded, against the complaint is, that a money judgment is demanded. Is there any foundation for this objection? The money was actually taken, and the plaintiff seeks to recover it back. If the circumstances alleged are established upon a trial, the judgment of the court should be, that the money be refunded, or that the plaintiff have judgment for the amount.

If the prayer for relief had been for an accounting, then the decree would have been that the defendant pay over the money, if the plaintiff was successful; so, in reality, it makes no sort of difference. Whatever the prayer for relief may be, the judgment of the court will be according to the facts alleged and proved. And even if the party err in the nature of the relief demanded, the court will grant it according to the facts proved. (*Emery* v. *Pease*, 20 *N. Y. Rep.* 62. *Denman* v. *Prince*, 40 *Barb.* 219.) I think, at common law, this action was maintainable in equity, and as the Code has abolished the distinction between equitable actions and actions at common law, and the old forms of pleadings, that a case is presented, in the plaintiff's complaint, which makes out a good cause of action. The complaint, therefore, is not demurrable.

If I am correct in the views which I have expressed, then

it is not necessary to examine the question whether the action can be maintained under the act of 1862.

The order of the special term should be affirmed, and judgment rendered for the plaintiff on the demurrer, with leave to the defendant to answer on payment of costs.

PECKHAM, J. concurred in the result.

HOGEBOOM, J. dissented.

Judgment affirmed.

[ALBANY GENERAL TERM, March 4, 1867. *Peckham, Miller* and *Hogeboom,* Justices.]