MARY A. ADAMS, Respondent, *v.* BOOTH N. CURTIS, Appellant, impleaded with JOHN Q. ADAMS.

(GENERAL TERM, THIRD DEPARTMENT, DECEMBER, 1870.)

A married woman may maintain an action to recover for her labor or services under contract made with her therefor, without showing that she carried on business on her own account beyond that out of which the claim in suit arose.

And her right to sue her husband to recover her property, or collect claims and demands against him, is fully recognized by repeated decisions.

Where the plaintiff, a married woman, carrying on no separate business, performed labor and services, at request of her husband, for the firm of which he was a member,—*Held*, that she could maintain an action against the members of the firm, including her husband, for the value of the services.

Per HOGEBOOM, J. Conceding the non-liability of the husband, the remaining member of the firm was liable; and, on the husband's default to appear in the action, judgment against him and the other member of the firm who disputed the right of action, was proper, and should be sustained.

THIS was an appeal from a judgment of the County Court of Montgomery county.

The action originated in a justice's court, and was brought by the above named plaintiff to recover of the above named defendants the sum of $34.74 for work, labor and services done and performed by her for the defendants and at their request. The defendant Adams did not appear.

The cause was tried before a justice of the peace and a jury of the town of Canajoharie, on the 20th day of February, 1869.

The testimony upon the trial showed that the plaintiff was the wife of the defendant Adams, with whom she lived, and

Adams *v.* Curtis.

the work was done at his request, as one of the firm of Curtis & Adams. The jury found in favor of the defendants. Judgment was entered by the justice, from which the plaintiff appealed to the County Court of Montgomery county, by which court the judgment of the justice's court was reversed, and from which judgment of the County Court the defendants appeal to this court.

*A. Hees*, for the appellant.

*H. Dunckel*, for the respondent.

Present—MILLER, P. J., PARKER and HOGEBOOM, JJ.

MILLER, P. J. The plaintiff in this action seeks to recover for labor performed and services rendered, at the request of and for the defendants, while they were engaged as copartners in business. One of the defendants at the time was the husband of the plaintiff; and the main question to be determined is, whether, under such circumstances, an action can be maintained. If the right to sue exists, it is conceded that it rests upon the construction to be placed upon the laws of this State, passed in 1860 and 1862.

Under the provisions of the act of 1860 a married woman is entitled to all property which she owns as her sole and separate property; to that which she acquires by her business, labor or services, carried on or performed on her sole or separate account; and to all the proceeds of her earnings for her labor or services in any business conducted or carried on by herself. (Session Laws of 1860, chap. 90, §§ 1, 2, p. 157.) She can also maintain an action in her own right, and be sued, in all matters having relation to her sole and separate property. (Laws of 1860, chap. 90, § 7, and 1862, chap. 172, p. 344.) The object of these enactments was to confer upon married women rights which they had not previously enjoyed, and to give them complete control over their own property Hence the terms employed are broad and comprehen

sive, and no restriction is placed upon the right to sue, or as to the individual who may be prosecuted where her separate property is concerned. If she performs services, or does any labor for any person, she can recover its value of those who employed her. If she loans money, she can sue for the amount. If she makes a contract she can enforce it, the same as any other individual, against any and all persons who may be a party to it. It seems to me that this is the spirit and intention of the married woman's act, if faithfully carried out, and any other construction is in conflict with its plain import and meaning. Nor, in my opinion, is it essential for the purpose of maintaining an action to recover for her labor or services, to show that she carried on business on her own account, beyond the claim for which an action is brought. It is enough, I think, that a separate contract is made with her, for her labor or services, to entitle her to recover without the necessity of holding out to the world, that she is transacting business on her separate account, as a *feme sole,* with the permission of her husband. Were all these circumstances required, there are numerous cases, where married women are earning a support for themselves and families, in which they would be deprived of the right to enforce contracts, entered into and performed by them. This would be manifestly contrary to the intention of the law, and prevent to some extent, the accomplishment of the object designed by it. The effect and intent of the act is to remove all the disabilities of coverture, so as to enable her to sue, and to be sued as to contracts, in all respects, as though she was in fact unmarried, and hence, she may even confess a judgment to secure a debt contracted by her, and for her use and benefit, in carrying on her separate business. (*First National Bank of Canandaigua* v. *Garlinghouse,* 53 Barb., 615.)

In *Hart* v. *Young* (1 Lansing, 417), it was held, that a married woman, in possession of premises belonging to her husband, who had absconded, could recover upon a contract, with the mortgagee of the premises when the mortgage was due, *to remain in possession for a certain period of time,* and

.at the expiration thereof, to deliver the same to the mort-gagee.

It is entirely clear, that an action would lie by a married woman against a stranger for the same cause of action which is proved in this case, and I think that the right to sue her husband to recover her property, or enforce or collect claims and demands against him, is fully recognized by repeated adjudications in this State. See *Whitney* v. *Whitney* (49 Barb., 319); 3 Abb. N. S., 350; *Power* v. *Lester* (23 N. Y., 530); 17 How., 413; *Strong* v. *Skinner* (4 Barb., 555); *Dyett* v. *N. A. Coal Co.* (20 Wend., 573).

As already stated, the statute confers the right to sue any one, without excepting the husband, and in none of the cases reported has it been held that the right does not exist in a case arising on contract.

In *Gould* v. *Gould* (29 How., 461), it was held by a divided court, in the New York Common Pleas, that a married woman, living apart from her husband, could not maintain an action of ejectment to recover possession of premises which are her separate property, and of which he holds possession. The learned judge who wrote the prevailing opinion of the court, remarked that if " the plaintiff had offered to prove such facts as would entitle her to the possession of her property, I think she might have proceeded with the action regardless of the form." Although the case cited does not touch the question presented in the case at bar, and therefore is not of vital importance, yet I am at loss to see any good reason why an action of ejectment cannot be maintained by a married woman against the husband, the same as any other action. In *Longendyke* v. *Longendyke* (44 Barb., 366), it was held, that a married woman cannot sue her husband in an action of assault and battery; and one of the reasons assigned for thus holding was the interference with another destructive effect upon the conjugal relation. It is difficult to see how this decision can have any application to cases arising upon contract, as such a rule would prevent an action by a married woman against her husband in cases where it has been held

to be eminently proper, and she would be entirely deprived of the enforcement of her rights and the benefits of her separate property. The statute would, in many instances, be of no avail; an entire nullity, if she were powerless as against her husband, and the purpose it had in view would be completely frustrated.

In *Devin* v. *Devin* (17 How. Pr. R., 515), where the action was brought and a judgment obtained against the husband and his partner for money loaned by the wife to the firm of which the husband was a member, INGRAHAM, J., says: "Nor am I prepared to hold that a loan of money made by a wife under such circumstances to a firm of which her husband is one of the partners, cannot be recovered because they can make no contract. On the contrary, I think such a contract may be made; and, if made, can be enforced at any rate in an equitable proceeding, if not at law." If an action for money loaned can be maintained, then clearly an action will lie to recover for work done and performed, and there is no ground why this action should not lie; nor, in my opinion, is an equitable action essential to enforce the plaintiff's claim. The defendants were liable as copartners to the plaintiff, and she was entitled to recover in the court below. There was no question of fact for the jury, and the judgment of the County Court must be affirmed, with costs.

PARKER, J., concurred.

HOGEBOOM, J. I am not prepared to say precisely how far I should go in sustaining the right of the wife to sue her husband, even in an action upon contract, nor to say precisely how far the force of authority (to which, of course, I should submit) has yet carried us. But I am prepared to affirm the judgment. The wife performed the labor, and, under the evidence, she must be presumed to have done it in her individual and independent capacity. She performed it for the firm upon the employment of an agent of that firm. She is, therefore, entitled to compensation; and the firm, or some member of it, is bound to pay her. Curtiss appears to me

clearly liable, and must respond to her suit. The husband did not appear, nor Curtiss for him. No one objects, therefore, to his being sued or to the judgment against him. And I think it a fallacy to suppose that even if the husband could not be sued, Curtiss would be thereby released. I think he, at all events, is bound; and his remedy is to pay the whole debt and seek contribution over against the husband. The judgment should be affirmed.

Judgment affirmed.