| 4 | 421 |
| 135a | 206 |

DEBORAH A. MINIER, Respondent, *v.* ABRAM MINIER, Appel·
lant.

(GENERAL TERM, THIRD DEPARTMENT, DECEMBER, 1870.)

A married woman may maintain an action against her husband to recover
possession of her real estate from which she is excluded by him.

Where a husband receives money from his wife to purchase real estate in
the latter's name and expends for the purpose no more than the sum
received, the property is the wife's, although the payment is not made
with the precise funds received.

Husband and wife when respectively plaintiff and defendant in an action
may, under Laws 1867, chap. 887, testify in his or her own behalf.

THIS was an appeal by the defendant from a judgment for
the plaintiff, entered on the report of a referee.  The facts
appear in the opinion of the court.

*G. T. Spencer* for the appellant.

*E. H. Brown* for the respondent.

Present—MILLER, P. J., HOGEBOOM and PARKER, JJ.

By the Court—PARKER, J. This action, which before the
Code would have been called ejectment, is brought by the
plaintiff against the defendant, who is her husband, to recover
possession of a house and lot in the city of Elmira, together
with damages for the wrongful withholding of the same.

The issues having been referred by consent of parties, the
referee found for the plaintiff, and judgment was entered
upon his report, from which the defendant appeals.

The principal question in the case is whether the wife can
maintain such action against her husband.

Unless such right is given to her by the statute of 1860,
" concerning the rights and liabilities of husband and wife
(Session Laws 1860, chap. 90), as amended in 1862 (Session
Laws 1862, chap. 172), it is clear that no such action can be
maintained.

Section three of the act of 1862 provides as follows : "Any married woman may, while married, sue and be sued in all matters having relation to her sole and separate property, or which may hereafter come to her by descent, devise, bequest, purchase or the gift or grant of any person in the same manner as if she was sole." The terms of this provision are sufficient to warrant the bringing of such a suit both by a wife against her husband, and by a husband against his wife, and I am inclined to think that such a suit is also within the spirit and intent of the act. In view of the main object of the series of statutes in respect to the property and rights of married women, to wit, the more effectual protection thereof, and in respect to the separate property of the wife, its protection from the " interference and control " of the husband, as expressed in the first section of the act of 1860, it is both logical and reasonable, I think, to construe the authority given her in section three of the amending act of 1862, to sue in " *all matters* having relation to her sole and separate property   *   *   *   *as if she were sole,*" as entitling her to bring just such a suit against her husband in relation to her property as she may bring against any other person. I see nothing in the relation between husband and wife any more inconsistent with such a construction than with the right of the wife to sue her husband in equity, as she could do, before the statute. (*Dyett* v. *N. A. Coal Co.*, 20 Wend., 573 ; *Martin* v. *Martin*, 1 Coms., 473.) And when she has the legal title to real estate which her husband actually occupies exclusively of herself, the proper action for its recovery is not a suit in equity, but an action at law. In regard to the property, the relation of husband and wife does not affect it ; as to it the parties are strangers to each other. If any other person than the husband were occupying it, as he did, no doubt would exist as to the propriety of the action brought. Since the husband and wife occupy the same relation to the property as the parties in the case supposed, there can be no good reason for refusing to construe the statute according to

its letter, since such construction seems so plainly within its object and intent.

The same section (3) above referred to, also authorizes a married woman to "bring and maintain an action in her own name, for damages, against any person or body corporate, for any injury to her person or character, the same as if she were sole," and then provides that "the money received upon the settlement of any such action, or recovered upon a judgment, shall be her sole and separate property." It has been decided in this court that under this clause of the statute a married woman cannot maintain an action against her husband for slander (42 Barb., 642), nor for assault and battery (44 Barb., 366). There are reasons against construing the statute as authorizing such actions between husband and wife, which do not exist in respect to actions relating to property. Before the statute the damages arising from injuries to the person or character of the wife were to be sued for by the husband and wife, and when recovered belonged to the husband, and this statute was evidently intended to change the law in that respect, and allow the wife to sue for, and recover them for herself. This is shown by the latter clause of the provision above cited, to be the scope and intent thereof, and, inasmuch as the evident object of the provision is thus satisfied, it was well held that it was not intended thereby to open the door to a spirit of litigation between husband and wife so manifestly against public policy, and at war with domestic peace as would be the right then in question. But these reasons do not apply to the case at bar, the action in which seems, as already shown, to be within the intent of the statute, and being only an action at law instead of a suit in equity, which might before have been brought, gives no new opportunity for litigation, is not against public policy, which already allows and provides for suits in regard to property between husband and wife; and is fraught with no such disastrous consequences to domestic peace and concord. Another distinction between the two classes of cases is, that while, in regard to injuries to the per-

son and character of the wife, she is allowed to sue for them as if she were sole, no provision is made by which the husband can maintain an action against the wife for such injuries. This want of mutual right, which right in regard to property exists, is a strong reason for believing that the former rule of law against the right of husband and wife to sue each other for such moneys, was not intended to be interfered with. The decisions above cited upon this question cannot, therefore, be regarded as authorities in favor of the defendant. The terms and spirit of the statutes by which married women are invested with the same rights, in respect to their sole and separate property as though they were sole, should be carried out by such construction as will make them effectual, by allowing the wife the same remedies against her husband, as, in like cases, would be appropriate against other persons.

In this case the evidence showed the legal title to the premises in question to be in the plaintiff, and the referee has so found; and under the undisputed evidence in the case that the defendant received of plaintiff's money $1,000 for the purpose of purchasing therewith, in his name, a home for the family, whether in the purchase of these premises, and having them conveyed to her, he used the identical money received from his wife or not, inasmuch as the money paid was not more than the $1,000, and no part thereof has ever been refunded to the plaintiff, it cannot be deemed that the premises came to the plaintiff in any way from her husband, and her tenure of them is within the protection of the statutes above referred to. No right or interest in the premises has accrued to the defendant from his payment of taxes, or making permanent improvements thereon.

That the defendant occupied them when the action was commenced, exclusively of the plaintiff, and refused to permit her even to participate in the occupancy, is sufficiently proved.

The evidence of cruel treatment of the plaintiff by the defendant, warranting her living separate and apart from him, I regard as wholly immaterial, except so far as the foregoing

fact of defendant's refusal to permit plaintiff to occupy the premises is concerned. And although some of the evidence on that subject was admitted under defendant's objection and exception, still, although immaterial, it can have no effect upon the material facts found, nor upon the proper legal conclusion therefrom. Plaintiff's right to recover does not at all depend upon facts proved by that evidence; and the admission of the evidence objected to, affords no cause for reversing the judgment.

Upon the trial, the defendant raised the question of plaintiff's right to testify in the case against her husband.

Such right is not derived from sections 398 and 399 of the Code, which, as they stood in 1869, when this action was tried, did not reach the case; and if the right existed, it must be found in the statute of 1867. (Session Laws, 1867, chap. 887.)

It is strongly insisted by defendant's counsel that this act comes short of providing for this case, and it must be confessed the language used does not seem to have been selected with a view to such a case. The first section provides that " in any trial or inquiry in any suit, &c., the husband or wife of any party thereto, * * shall, except as hereinafter stated, be competent and compellable to give evidence, the same as any other witness, on behalf of any party to such suit, action, &c."

Section two is as follows: " Nothing herein contained shall render any husband or wife competent or compellable to give evidence for or against the other in any criminal action or proceeding (except to prove the fact of marriage in a case of bigamy), or in any action or proceeding instituted in consequence of adultery, or in any action or proceeding for divorce on account of adultery (except to prove the fact of marriage), or in any action or proceeding for, or on account of criminal conversation."

Taking the two sections together, I think the fair intendment is to include the right to husband and wife, where themselves the parties, plaintiff and defendant to the action, to

testify each in his or her own behalf, which the first section, by itself, would not seem to contemplate, although it is possible to give that section, by itself, such construction. The second section when it limits the competency to testify, given by the first section in an action for divorce on account of adultery to the fact of marriage, plainly implies that in such action where the husband and wife spoken of are themselves the only parties to the action, they would by virtue of the first section be competent to testify generally as witnesses for themselves respectively, thus recognizing such construction of that section as applies it to husband and wife, when themselves the parties to the action.

In regard to the damages given for the wrongful withholding of the premises, we see no more objection to their recovery than to that of the premises themselves. We see no ground on which the judgment should be interfered with, and it must be affirmed with costs.

Judgment affirmed.