## BEAU v. KIAH.

*Married woman — when she may not maintain action for services performed by her.*

A married woman, living with and keeping house for her husband, and who carried on no separate business on her own account, went to defendant's house and took care of his sick family, defendant agreeing to pay her therefor. *Held,* that, under the statute relating to married women, she was not entitled to maintain an action for such services.

APPEAL by plaintiff from a judgment of nonsuit in a county court, and from an order of said court denying a motion for a new trial.

The action was brought in a justice's court by Lucy Beau against Antoine Kiah to recover for work, labor and services. The plaintiff was a married woman, living with and keeping house for her husband. Defendant was her father. In 1867 and 1868, plaintiff's mother and sisters were sick at defendant's house. Defendant came for plaintiff to get her to go to his house and take care of her mother and sisters, and said he would pay her well. She went and took care of them for six months. After their deaths, plaintiff returned home. Plaintiff never carried on any business on her own account. Upon this evidence the plaintiff was nonsuited upon the ground that her services belonged to her husband, and he only could maintain the action.

*Magone & Holbrook,* for appellant, cited *Adams* v. *Curtis,* 4 Lans. 164; *Adams* v. *Honness,* 62 Barb. 326; *Brooks* v. *Schwerin,* 54 N. Y. 343.

*J. MacNaughton,* for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. I suppose the husband is still entitled to the services of the wife. This must be so, because on the husband only lies the obligation to support the family.

If not entitled to her services, while bound to support her and the children, he cannot require her to aid him, or claim to receive

the value of her services when she works for others. She *may* perform labor and services, as she *may* carry on business on her separate account. But not all labor performed by her is necessarily separate. *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 47. A wife cannot recover for loss of ability to work. If her earnings were her own, then she could recover, although not actually engaged in work. A man recovers for damages by reason of inability to work when injured. Whether he was actually working or not is important only as a test of the *value* of his work, not as a ground of recovery. Therefore, if a married woman were entitled to her earnings *in all cases*, the decision in *Filer* v. *N. Y. C. R. R. Co.* would be wrong.

*Brooks* v. *Schwerin*, 54 N. Y. 343, seems to be an overruling by the Commission of Appeals of *Filer* v. *N. Y. C. R. R. Co.*, decided by the Court of Appeals. See dissenting opinion of LOTT, C. C.

*Adams* v. *Curtis*, 4 Lans. 164, only holds that the earnings in that case might be separate, although there had been no other separate work. The contract, in that case, was between the wife and a firm of which the husband was a partner. That fact made the earnings, or might make them, separate property.

In the present case, there is no evidence that the husband knew any thing about the services. If we reverse the judgment, we must hold unqualifiedly that every time when a married woman does any work for a person other than her husband, her earnings are separate. If this be so, I do not see why she is not entitled to be paid by her husband when she does work for him ; nurses him in sickness or sews on his buttons in health.

If we are to take the statute literally : "the earnings of any married woman from her * * * labor and services shall be her sole and separate property," why not her earnings in the work of the household ? The section must be read as a whole. "A married woman may, etc., etc., perform any labor and services on her sole and separate account, and her earnings * * from (such) her * * labor and services shall," etc., etc. That is, she *may* carry on business and she *may* perform labor on her separate account. But not necessarily all business carried on, or labor performed by her, is on her separate account.

The judgment should be affirmed.

BOARDMAN, J., dissenting. By the statutes of 1860, chap. 90, it is enacted that the property which a married woman "acquires by

her trade, business, labor or services carried on or performed on her sole or separate account * * * shall, notwithstanding her marriage, be and remain her sole and separate property, and may be * * * collected * * * by her in her own name and shall not be subject to the interference or control of her husband, or liable for his debts." By the second section of that act it is provided that "a married woman may * * * perform any labor or services on her sole and separate account, and the earnings of any married woman from her * * * labor or services shall be her. sole and separate property."

Undoubtedly the object of this and other similar laws was to protect married women from the incompetency, the rascality and dissipated habits of husbands. It is the duty of the husband to provide for and support the wife. Experience, however, has often shown that husbands have failed in this duty, and that the wife has supported the husband and his family. Where he is wasteful, dissipated and reckless he would often spend all his own earnings and the property and earnings of his wife, and under the common law she had no protection. Even if living separate from him, and supporting herself, his creditors could, for his debts, seize her prudent accumulations and leave her destitute. He was as absolutely entitled to her industry and earnings as though she were his slave. These laws were passed to emancipate the wife. Such has been the view taken by the courts.

Now it is held that the ordinary domestic services of the wife are not carried on for her own account, but for the joint benefit of the family as a duty to the husband. But when she goes outside of the family and performs services not due to her husband, such services do not of right belong to the husband, and her earnings are her own as if she were a *feme sole*. *Brooks* v. *Schwerin*, 54 N. Y. 343, 348.

The reasoning of LOTT, C. C., in the dissenting opinion in this case, would lead to most unhappy results. The security of the wife's natural rights would lead to a separation of families. The wife, instead of struggling to preserve the family circle, would be rewarded only upon condition of its abandonment. The case of *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 47, which is cited as an authority for such a doctrine, in fact decides only that the wife could not recover for the loss of ability to labor and earn money by reason of an injury, because she was not actually engaged in some

service in which, but for the injury, she would have earned something for her separate benefit. There was no claim in that case that she had ever done any but household labor and domestic service in the family of her husband.

But if the case were doubtful upon principle, it is *res adjudicata* in this court. The very point was decided in *Adams* v. *Curtis*, 4 Lans. 164, in which MILLER, P. J., says: "Nor is it essential, for the purpose of maintaining an action to recover for her labor and services, to show that she carried on business on her own account, beyond the claim for which the action is brought. It is enough that a separate contract is made with her for her services to entitle her to recover, without the necessity of holding out to the world that she is transacting business on her separate account, as a *feme sole*, with the permission of her husband." This is decisive of the present case. The case of *Adams* v. *Curtis*, so far as its principles apply to the one under discussion, has been approved in *Perkins* v. *Perkins*, 62 Barb. 531, 540.

The judgment and order of the county court should be reversed and a new trial granted, costs to abide the event.

*Judgment affirmed.*