## HARRIET VAN ORDER, RESPONDENT, *v.* JAMES VAN ORDER, APPELLANT.

*Husband and wife — contracts between — validity of — Condonation of adultery.*

A wife having commenced an action against her husband for divorce on account of his adultery, entered into an agreement in writing with him, whereby in consideration of a sum of money to be paid to her by him, she agreed to discontinue the action, to condone the adultery, to give up to him the custody of their child and relinquish her right of dower in his estate. In an action brought by her upon such agreement, *held,* that a wife has no power to enter into such a contract with her husband, and that the agreement to pay the money was void.

A promise by a husband to pay money to his wife, in consideration of her condoning an act of adultery committed by him, is in violation of the rules of law and public policy and will not be enforced by the courts.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

In 1866 the plaintiff commenced an action against the defendant for a divorce, on the ground of his adultery. Subsequently the

action was discontinued in pursuance of an agreement by which she agreed to condone his adultery, to give to him the care and custody of their child, and to execute any deed or conveyance proper to convey her right of dower in any real estate then owned or thereafter to be acquired by him, in consideration that he should pay to her the sum of $600 in annual payments of fifty dollars each. Subsequently the defendant having procured a divorce from the plaintiff on account of her adultery, refused to make any further payments under the agreement, and thereafter this action was brought by the plaintiff to recover such payments.

*Marcus Lyon,* for the appellant.

*J. De Motte Smith,* for the respondent.

LEARNED, P. J.:

This is an action on an agreement made during coverture between husband and wife, by which he agreed to pay her a certain sum of money. The consideration is the discontinuance of an action brought by her against him for alleged adultery, the condonation of such adultery; an agreement that he shall have the custody of a child of the parties, and that she will relinquish her dower and claims on his estate.

There are two defenses: first, that the agreement is void; second, that the defendant has been divorced from the plaintiff for adultery, committed subsequently to the agreement.

The so-called married woman's acts have not removed the general disability of married women. (*Perkins* v. *Perkins*, 62 Barb., 531.) A contract like this was void at common law. (*Beach* v. *Beach*, 2 Hill, 260; 1 Black. Com., 442.)

The plaintiff cites cases to show that a husband may now enter into such an executory contract with his wife. But they do not sustain that position. *Rawson* v. *Penn. R. R. Co.* (48 N. Y., 212), only held that *paraphernalia*, gifts of the husband, were now the property of the wife; *Whitney* v. *Whitney* (49 Barb., 319), that the wife could sue her husband for her property wrongfully converted; *Adams* v. *Curtis* (4 Lans., 165), that she might sue a firm for her services, although her husband was one of the partners; *Wright* v.

*Wright* (54 N. Y., 437), that a note made before marriage, in consideration thereof, was valid after marriage.

The present contract does not purport to concern the separate property of the wife. As an agreement to release dower it is invalid. (*Townsend* v. *Townsend*, 2 Sand. Sup. Ct., 711; *Winans* v. *Peebles*, 32 N. Y., 423.) It is not even sealed or acknowledged. The consent that the defendant should have the custody of the child is no consideration, and to enforce a promise by a husband to pay money to his wife, in consideration of the condonation of adultery, would, I think, be a violation of rules of law, and principles of public policy. (*Freethy* v. *Freethy*, 42 Barb., 641; *Gould* v. *Gould*, 29 How., 441; *Longendyke* v. *Longendyke*, 44 Barb., 366.)

The plaintiff insists that this is not an agreement for a separation. It is therefore unnecessary to consider whether it is invalid, when viewed in that light. Nor need we discuss the effect of the subsequent divorce.

We think the agreement to pay the money was void, and the judgment and order should be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order reversed, new trial granted, costs to abide event.