# SUPREME COURT.

THOMAS B. ODELL, Receiver of BERNHARD A. MYLINS, agt. CORNELIA K. MYLINS and BERNHARD A. MYLINS.

*Husband and wife — ante-nuptial agreement as to her separate estate — creditors of husband.*

Where, after marriage, the husband paid the interest on a mortgage on the separate property of his wife, and for its benefit, in pursuance of an agreement between them before marriage, that if he occupied a portion of her premises after marriage, as an office for his business as a physician, he would pay interest on the mortgage in lieu of rent.

*Held,* that the agreement was valid, and that the payment was not in fraud of the creditors of the husband.

*Special Term, April,* 1877.

*Frederick S. Wait* and *E. Ellery Anderson,* for plaintiff.

*John A. Dunkel,* for defendants.

VAN VORST, *J.* — The defendants are husband and wife. Before their marriage, it was agreed that if the future husband, who was a physician, should keep his office and see his patients in the house owned by the woman he was about to marry, he would pay the interest on the mortgages existing on the premises. The parties afterwards intermarried; they together occupied the premises as a dwelling, and the husband used a portion of the same, the front basement, for the purposes of his profession.

Two sums of $490 dollars each, being one year's interest, paid by the husband in 1875 and 1876, on a mortgage of

Odell agt. Mylins.

$14,000, a lien on the premises before marriage, give rise to this action.

The plaintiff is a judgment creditor of the husband, with execution returned unsatisfied, and claims that this interest was paid by the debtor in fraud of his creditors, and for the benefit of the separate estate of his wife, and that the property is liable to the husband's creditors, to the extent of such payment.

The payments made by the husband on the mortgage were considered by him and his wife in lieu of rent.

By various state laws, the right of the wife to the use and enjoyme .t of her property, real and personal, owned by her at the time of her marriage, and the rents, issues and profits thereof are secured to her, and the same are not liable for the debts of her husband (*Chapter* 200, *Laws of* 1848).

Chapter 90, Laws of 1860, amended by chapter 172, Laws of 1862, provides that a married woman, possessed of real estate as her separate property, may bargain, sell and convey such property, and enter into any contract in reference to the same, with the like effect, in all respects, as though she were single.

The act of 1862 (*sec.* 7) allows any married woman to sue and be sued in all matters having relation to her sole and separate property, in the same manner as though she were sole.

There seems to be no limitation as to the person with whom the wife may enter into a contract, with respect to her separate property.

The legislature having thought proper to pass laws giving to a married woman such power and rights as to her own property, I see no reason why a woman, in contemplation of marriage, may not make an agreement with the person she is about to marry, by which he will pay to her rent for premises belonging to her, in the event that after marriage he should occupy them for his business, and this, although he might occupy them with her ; for a husband is bound to support his family, and for this purpose to furnish a home.

In the prosecution of his profession, it was necessary that the husband should have a place to receive the visits of his patients. If for this purpose he chose to occupy a portion of a house owned by his wife, I see no valid reason why he may not, under existing laws, agree to pay for its use.

It is true that the money he paid in this instance went to keep down the interest on the separate estate of his wife; but that constitutes no fraud upon the creditors of the husband, if there was a subsisting agreement between himself and wife, that he should pay such interest, in lieu of rent, for the use of the premises.

Under such an agreement, it is improper to call such payment a gift without consideration. There was a consideration in the use of the premises. Being her own property, she could have leased the same wholly to others, and have received to her own use all the proceeds.

That she chose to occupy, with her husband, the premises, does not, in equity, deprive her of her right to compensation from him for his use of a portion thereof for his professional business.

It is conceivable that such arrangements may give occasion to fraud; but fraud must be proven. It may be that the amount paid for interest on the mortgage is more than the rental value of the premises occupied by the husband for his business; but of that there is no evidence, and I cannot say judicially that it is so. Nor is there any evidence that, at the time the arrangement was made between the defendants as to the payment by the future husband for the use of the premises, he was in debt to any person.

The following cases decide questions in some respects similar to those under consideration, unfavorable to the views of the plaintiff: *Ainsly* agt. *Mead* (3 *Lans*, 120); *Wright* agt. *Wright* (54 *N. Y.* 437); *Mincir* agt. *Mincir* (4 *Lans.*, 421).

I think the plaintiff is not entitled to the relief asked, and his complaint is dismissed, but without costs.