DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## July, 1879.

---

CATHARINE M. WOOD, RESPONDENT, *v.* GEORGE C. WOOD, APPELLANT, IMPLEADED WITH MORTIMER V. VELSOR.

*Right of a wife to maintain ejectment against her husband — the action is not barred by the fact of the husband having made improvements on the land.*

In 1844 certain land was conveyed to the plaintiff as and for her own separate estate, free from the control of her husband, the defendant George C. Wood, who indorsed upon the deed a covenant with the grantor that his wife should hold the same to her own separate and sole use, free from any claim or interference from him.

In an action of ejectment by her against her husband and his tenant, *held*

That the acts of 1848 and 1849 vested the legal title to the land in her, and that she was entitled to maintain the action.

That the fact that her husband had expended large sums of money in improving the property was no defence to the action.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was one in ejectment, to recover possession of certain property belonging to the plaintiff, from her husband and from the tenants in possession under him.

*J. J. Perry*, for the appellant.

*Thomas Young*, for the respondent.

BARNARD, P. J.:

The plaintiff is a married woman, and the defendant George C. Wood is her husband. In 1844 Brewster H. Wood and wife conveyed to the plaintiff a life estate in the premises in question, " as and for her own separate estate, free from the control of her husband, the said George C. Wood." By the same deed the fee was granted after the termination of the life estate to the children of George C. Wood and Catharine M. Wood, his wife. Indorsed upon the deed is a covenant by the defendant George C. Wood to the grantor Brewster H. Wood, " that my wife, the said Catharine M. Wood, shall hold the within granted and described property to her own separate and sole use, free from any claim or interference from me."

The effect of this conveyance, before the acts of 1848 and 1849, was to create in equity an estate in the wife, as if she were a *feme sole*. The effect of those acts was to convert the equitable into a legal title. The plaintiff, after living many years with her husband, was finally compelled to leave him on account of ill-treatment. She brings this action of ejectment against her husband and her husband's tenant. They set up title and right to possession in defendant Wood, as husband of plaintiff, and because he, the husband, has expended large sums of money in improving the property. I think that the defences are not good. If the wife has now a legal title, as if unmarried, it is of very little value, unless it can be enforced as well against her husband as a stranger. Her right to do this seems to be sustained by authority. (*Power* v. *Lester*, 23 N. Y., 527; *Dygert* v. *Remerschnider*, 32 id., 629; *Whitney* v. *Whitney*, 49 Barb., 319; *Wright* v. *Wright*, 54 N. Y., 437.) The expenditure of moneys upon the place gave no right or interest in the premises. (*Minier* v. *Minier*, 4 Lans. Sup. Ct. Rep., 421.) No demand of possession or notice to quit is needed, when the issue is one of title only.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.