MARY HOWLAND. RESPONDENT, *v.* EDGAR J. HOWLAND, APPELLANT.

*Wife — may bring an action of replevin against her husband, to recover personal property belonging to her.*

A wife who has left her husband without good cause, and is living separate and apart from him, may maintain an action of replevin against him to recover articles of personal property belonging to her, which were left and remained in his house and possession. (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This was an action of replevin, brought by the plaintiff against her husband, to recover certain articles of household furniture and wearing apparel which belonged to her.

The parties hereto were married in September, 1867, and lived together until April 17, 1871, when the plaintiff, without so far as appeared any good cause, left her husband and went to her father's house, where she has since resided, living separate and apart from her husband.

The plaintiff, through an agent, demanded from her husband the said articles of personal property, and on his refusal to deliver the same brought this action for their recovery.

*E. M. Fitzgerald*, for the appellant.

*Chapman & Lyon*, for the respondent.

BOARDMAN, J. :

The defendant's counsel complains that the findings of the referee are not sustained by the evidence.

We think the complaint is not justified. But, if it were doubtful, it is sufficient to say that all of the evidence taken upon the trial has not been returned. The case does not purport to contain all the evidence. It will be presumed, therefore, that additional evidence, sufficient to sustain the findings of the court, was given upon the trial.

The judgment entered was not such as was authorized by the report of the referee. That, however, is an irregularity which can, and should, be corrected by motion at Special Term, and not by appeal. (*Ingersoll* v. *Bostwick*, 22 N. Y., 425.)

An action by a wife may be maintained against her husband for the converson of her property. She may maintain ejectment against her husband for her real estate. (*Minier* v. *Minier*, 4 Lans., 421, Third Dept., 1870 ; *Wood* v. *Wood*, 18 Hun, 350, Second Dept., 1879.) In *Berdell* v. *Berdell* (58 How., 102); *S. C.*, *Berdell* v. *Parkhurst* (19 Hun, 358), it is held that the husband may sue his wife for taking and converting his property. That is an extreme case. Certainly, if the husband may sue the wife in such case, she would be entitled in like case to an action against him. The weight of authority, and the reason of the married woman's law, sustain her right. (*Wright* v. *Wright*, 54 N. Y., 437; *Perkins* v. *Perkins*, 62 Barb., 531, 540; *Whitney* v. *Whitney*, 3 Abb. [N. S.], 350; *S. C.*, 49 Barb., 319; *Adams* v. *Curtis*, 4 Lans., 164.)

POTTER, J., says, in *Perkins* v. *Perkins* (*supra*), a husband cannot sue his wife in respect to property, because he had not such right under the common law, and the acts in respect to married women have not enlarged his rights. But he recognizes the law as laid down in *Adams* v. *Curtis* and *Minier* v. *Minier* above cited, that a married woman may maintain an action at law against her husband to recover money or property in his possession belonging to her.

The cases *Freethy* v. *Freethy* (42 Barb., 641) and *Longendyke* v. *Longendyke* (44 id., 366), are not in point. The one was an action by the wife against her husband for slander, and the other for an assault and battery. *Gould* v. *Gould* (29 How., 441) is hostile to several of the cases above cited, especially *Wood* v. *Wood* and *Minier* v. *Minier* (*supra*). But it was decided by a divided court, and the learned dissenting opinion of DALY, P. J., satisfies our reason and commands our respect and approval.

We follow the decisions of this department when we sustain this judgment. That must be the law to control our action until such time as the Court of Appeals shall reverse or overrule us.

The judgment should be affirmed, with costs.

BOCKES, J., concurred, LEARNED, P. J., dissenting.

Judgment affirmed, with costs.