*190 OPINION OF THE COURT
David D. Egan, J.
This is a motion of the defendant to dismiss charges of burglary and larceny as a matter of law on the ground that one spouse cannot commit a burglary or larceny from the other.
Defendant contends that since the victim is his wife, her apartment (rented by her after physical separation from the defendant) and her television set (also rented by her after the physical separation) are marital property under Domestic Relations Law § 236 (B) (1) (c). He then reasons that he cannot therefore be convicted citing Penal Law § 155.00 (5) "[a] joint or common owner of property shall not be deemed to have a right of possession thereto superior to that of any other joint or common owner thereof.”
It is the law of New York that one spouse may not commit crimes, including burglary and larceny, against the other without being subject to the criminal law. (People v Rossiter, 173 Misc 268 [1940]; People v Morton, 308 NY 96 [1954]; 2 CJI[NY] PL art 155, at 776.)
In Morton (supra, at 99-100) the Court stated, "The larceny statutes, old and new, penalize, in varying verbiage, the wrongful taking of the property of another. Before the Married Women’s Acts, the existing larceny laws were inapplicable to a husband’s taking of his wife’s chattels, but only because such chattels did not belong to 'another’ but, under the old fictions, belonged to the husband himself. So, when the wife became 'another’, the larceny statutes without necessity of amendment covered her losses as well as those of any other lawful owner of property. We cannot, at this late date, discover the actual legislative intent, if any, nor can we refuse to apply an old plain statute to a new plain fact within the statute’s coverage.”
It should also be noted that the apartment and television set were both owned by other than the defendant husband and complainant wife.
 It is the holding of this court that where a married couple have separated one spouse may be criminally responsible for burglary of the domicile rented by the other after the separation and larceny of goods rented by the other after the separation.
In such a factual setting the renting spouse is an owner who has a right of possession thereof superior to that of the taking spouse. To hold otherwise would allow looting and pillaging by a separated spouse.
*191 The Domestic Relations Law did not intend such a result, which is especially detrimental to the poor who cannot afford legal fees for separation agreements or divorce decrees.
The defendant’s motion to dismiss is denied in its entirety.