■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL HUDSON, Appellant. [704 NYS2d 393] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of petit larceny (Penal Law § 155.25) and criminal trespass in the second degree (Penal Law § 140.15). The evidence establishes that defendant, who was physically separated from his wife, entered her apartment and removed a television set. Defendant contends that, because the parties had not entered into a separation agreement or commenced an action for separation or divorce, the apartment and television leased by his wife constituted marital property in which they had a joint interest. He contends that the proof therefore is legally insufficient to establish his unlawful entry into the apartment or his wrongful taking of the television. We disagree.

The definition of marital property set forth in Domestic Relations Law § 236 (B) (1) (c) applies only to certain matrimonial actions delineated in Domestic Relations Law § 236 (B) (2). "The fact of marriage, standing alone, does not automatically vest property rights in the assets or estates of the other spouse" (*Cappiello v Cappiello*, 110 AD2d 608, 609, *affd* 66 NY2d 107, *rearg denied* 67 NY2d 647; *see also, Matter of Frederes*, 141 Bankr 289, 291-292 [WD NY]). Defendant's wife leased the apartment and rented the television set after the physical separation of the parties. Defendant entered the apartment by forcing the door open and breaking the wooden door frame. Defendant's wife testified that she did not give defendant permission to enter the apartment or to take the television set. That proof is legally sufficient to establish that defendant unlawfully entered the apartment, i.e., that he was "not licensed or privileged to do so" (Penal Law § 140.00 [5]; *see also, People v Figueroa*, 167 AD2d 555, *lv denied* 77 NY2d 838; *People v Bull*, 136 AD2d 929, *lv denied* 71 NY2d 966; *State v Lilly*, 87 Ohio St 3d 97, 103, 717 NE2d 322, 327; *People v Johnson*, 906 P2d 122, 125-126 [Colo]) and that defendant's wife was the owner of the television set, i.e., that she had "a right to possession [of the television set] superior to that" of defendant (Penal Law § 155.00 [5]). (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Trespass, 2nd Degree.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ. [*See*, 172 Misc 2d 190.]